■ DONALD E. TAYLOR, Appellant, v MARION C. TAYLOR, Respondent. (Appeal No. 1.) — Orders unanimously reversed, without costs, and matter remitted to Special Term Niagara County, for a hearing, in accordance with the following memorandum: The parties were divorced pursuant to a judgment which incorporated a property settlement agreement. Paragraph 13 of that agreement provides: "Husband will maintain in full force and effect all policies of medical, dental and hospitalization insurance presently in effect for the benefit of wife so long as she shall be eligible for coverage under such policies. Husband will cooperate with and assist wife to procure equivalent coverages when and if that should become necessary." The wife brought this motion for

contempt claiming that the husband did not maintain in effect such coverage as was in effect in 1976, the time of the signing of the agreement. Special Term ordered that the husband provide the wife "coverage to the same extent it was provided in 1976". The orders should be reversed and the matter remitted for a hearing to determine what policies were in existence at the time of the separation agreement and whether the wife remained eligible for coverage under them after the divorce. We interpret the plain language of the agreement to mean that the husband was not obligated to keep the existing policies in effect if the wife became ineligible under them, including ineligibility because of the dissolution of the marriage. In that event his only obligation was to co-operate with and assist the wife to procure equivalent coverage. This does not obligate him to provide or pay for equivalent coverage. (Appeals from orders of Supreme Court, Niagara County, Ricotta, J. — property settlement, insurance.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.